## Buccasi's Naturalization.

*Naturalization—Declaration of intention—Act of Congress of June 29, 1906, 34 Stat. at L. 596.*

1. A declaration of intention of naturalization must be made at the office of the clerk of the court or in the court itself for the district in which the alien resides.

2. A declaration of intention executed by an alien elsewhere than in the prothonotary's office for the district in which such alien resides, though executed before the deputy prothonotary of said office, is not such a proper or sufficient declaration as to entitle such alien to admission as a citizen.

Petition for naturalization. C. P. Cambria Co., No. 7606.

*Alvin Sherbine*, for petitioner.

*C. A. Bernhard*, Assistant District Director of Naturalization, contra.

EVANS, P. J., Dec. 22, 1927.—At the hearing of the application of the above-named Nicola Buccasi for admission to citizenship in the United States, it appeared this his declaration of intention was made at the office of a railroad company in the City of Altoona and not at the office of the Clerk of the Court of Blair County, at Hollidaysburg. The applicant, who had been working for the Pennsylvania Railroad Company at Altoona, was notified in May of 1922 that if he desired to make his declaration of intention to become a citizen of the United States, he could do so at the office of the railroad company upon a day, of which he would be given notice. Accordingly, on May 19, 1922, about four o'clock in the afternoon, he, along with a number of others, appeared at the office of the supervisor of the railroad company in Altoona and then and there declared his intention to become a citizen of the United States before an officer, who brought with him from his office at Hollidaysburg to the office of the supervisor of the railroad company at Altoona a book containing the application and other supplies for use in connection with the taking of applications for citizenship; that he never was in the office of the Clerk of the Courts of Hollidaysburg for the purpose of making a declaration and did not make any declaration at that place. Counsel for the Government thereupon objected to the consideration of the petition on the ground that there had not been any proper declaration of intention made in accordance with the letter as well as the spirit of the Act of Congress.

The declaration in question purported to have been made in the Court of Common Pleas of Blair County, Pennsylvania, before the deputy prothonotary, who is the clerk of said court, and at the office of the said clerk. It bore the seal of the Court of Common Pleas of Blair County.

Section 3 of the Act of Congress of June 29, 1906, 34 Stat. at L. 596, provides, in part, as follows: "That exclusive jurisdiction to naturalize aliens

as citizens of the United States is hereby conferred upon the following specified courts: . . . all courts of record in any state . . . having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited."

Section 4 of the same act provides, in part, as follows: "That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is *bona fide* his intention to become a citizen of the United States and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state or sovereignty, and particularly, by name, to the prince, potentate, state or sovereignty at which the alien may be at the time a citizen or subject. . . ."

Section 12 of the act makes it the duty of the clerk of the court exercising jurisdiction in naturalization matters to keep and file a duplicate of each declaration of intention made before him.

Section 13 of the act provides for the fees for the service rendered.

Section 14 of the act provides: "That the declarations of intention and the petitions for naturalization shall be bound in chronological order in separate volumes, indexed, consecutively numbered and made part of the records of the court. . . ."

The question is squarely raised here as to whether one may be admitted to citizenship upon a declaration of intention made elsewhere than at the office of the clerk of the court, or in the court itself.

There are four reported cases in which the matter has been discussed or decided. The one which impresses us most is the case In re Langtry, 31 Fed. Repr. 879, decided in 1887. The remarks of Mr. Justice Field, of the United States Supreme Court, present the matter in a way most appealing to us, and one that we believe to be a correct and proper statement of the law. The report contains the following:

"Field, Circuit Justice, addressing Mr. Barnes, a counselor of the Circuit Court, inquired whether he was counsel for Mrs. Langtry. Mr. Barnes replied that he was not such counsel, although he had given her advice as to making a declaration to become a citizen. The Justice then said that his attention had been called to the fact that Mrs. Langtry's declaration had been taken at her residence in this city and not at the clerk's office, and that for that purpose the records of the court in which such declarations are entered had been carried by the deputy clerk to her rooms, and that great doubt existed in his mind as to the legality of the declaration thus made. He did not think that the statutes furnished any authority for the clerk of the court to take a declaration of one to become a citizen out of his (the clerk's) office, except in open court, and for that purpose to carry the records of the court to the private residence of the party. To permit the proceeding to pass without comment would be to establish a dangerous precedent, and one calculated to give rise to gross abuses. The Justice observed that to be an American citizen was a great privilege; that citizenship should be regarded as a sacred trust; and that persons seeking to take upon themselves its responsibilities ought to consider it of sufficient value to attend where the records of the court are held in proper legal custody. In some states, a man is allowed to vote as soon as he makes his declaration of intention to become a citizen; and if the clerk of the court, or his deputy, can go around the country taking declarations of intention and administering oaths, it is evident that dangerous con-

sequences might follow, especially as there is no limit to the number of deputies which a clerk might appoint.

"The Justice suggested to Mr. Barnes that he should inform Mrs. Langtry of the doubt expressed by the court of the legality of her declaration, and to inform her that she could remove that doubt by repeating the declaration before the clerk of the court at his office or before the court."

The second case called to our attention is that of Santo Scola, 8 Pa. C. C. Reps. 344, in which Judge Archibald adopts the same position as suggested by Justice Field, and holds that the application must be made at the office of the clerk or in open court.

The next case is that of Andres v. Judge of Circuit Court, 77 Mich. 85; 43 N. W. Repr. 857. The Supreme Court of Michigan in this case took a contrary view and held that the application might be made before a clerk at any point, and suggest that there is no law requiring that the application be made at any particular place. As we view the matter, instead of it being the law that the clerk, whose place of business is fixed in this state by our Constitution, may carry the records and seal away from his office and perform his duties elsewhere unless prohibited by statute, it should be held that to permit an act as important as this to be done elsewhere than at such established places is only permissible when the statute specifically grants such a privilege. No clerk of any court possesses the right or authority to remove or carry out of his office any of the records or seals in his care as clerk of the court, without permission or authority from the court itself. Another matter suggested in the opinion of the Michigan court is that the declaration of intention confers no privileges and fixes no rights, but the court seemed to overlook the fact that at that time the right to vote in many states followed the mere declaring of an intention to become a citizen; that an alien who has declared his intention to become a citizen may take a homestead on public land; so that it does in fact confer a privilege, or results in conferring one. Mr. Justice Morse, of the Michigan Supreme Court, dissented from the majority of the court, and we are much more impressed with what he said in dissent than with the opinion of the majority of the court.

The remaining case is the case of Boso, 6 Kulp, 83. In this case it is held that the declaration might be made elsewhere than in the office of the clerk or in court. This case is also based upon the assumption that because the act does not prohibit the declaration from being made otherwise than at the usual place of business of the clerk or in court, therefore, it may rightfully be done elsewhere. With this view, as suggested above, we are unable to agree.

The viciousness of a practice which would make it possible for clerks to carry the records of the court around through the county to take the applications of persons who might wish to declare their intention to become citizens cannot be too strongly condemned. Where an act is to be done before a court or its clerk, in which the records are to be used, it is intended that it shall be done at the place of holding the court and at the office of the clerk. No records or seals may be taken away from the office of a clerk of the court and carried about the county without special statutory authority permitting it. It is not a matter of prohibiting such an act. In our opinion, the granting of citizenship in the United States of America is of such importance that nothing should be done by the courts, or their officers, which might in any way tend to give the impression that citizenship is a matter to be treated lightly and of little concern. We are of the opinion that if Congress had intended that clerks might travel about and take or seek applications for declaration of intention, they would have said so in the Act of Congress, but

no such language is there to be found, and, in our judgment, the presumption is that it intended, and has a right to expect, and the Government will demand, that those persons who desire to become citizens of this country shall appear formally before the proper court, or its clerk, and make their solemn declaration in a manner fitting to such an application.

While we regret the inconvenience which will be caused to the applicant in this case, nevertheless, we consider the matter of such importance that the inconvenience of an individual may not weigh in determining a matter of this importance. We, therefore, enter the following decree:

And now, Dec. 22, 1927, after due consideration, the application of Nicola Buccasi for citizenship is refused because of the fact that there was no proper or sufficient declaration of intention preceding the same.

From Henry W. Storey, Jr., Johnstown, Pa.